IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02251-PAB-SBP

JACE CAREY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CLARITY TELECOM, LLC d/b/a BLUEPEAK,

Defendant.

---

**ORDER**

---

This matter is before the Court on plaintiffs' Unopposed Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel [Docket No. 6], filed by plaintiff Jace Carey and by Todd W. Madsen, the plaintiff in *Madsen v. Clarity Telecom LLC, d/b/a Bluepeak*, Case No. 26-cv-02664-SBP ("*Madsen*"). Plaintiffs move to consolidate this case with *Madsen* and move for the appointment of Interim Co-Lead Class Counsel. *See* Docket No. 6 at 2.

**A. Motion to Consolidate**

Rule 42 of the Federal Rules of Civil Procedure permits consolidation when cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be

dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2381, at 427 (2d ed. 1995)). Therefore, the Court considers both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

The claims in both cases arise out of a data breach that occurred on defendant Clarity Telecom LLC's network between December 19, 2024 and December 22, 2024. Docket No. 1 at 7, ¶ 29; *Madsen*, Docket No. 1 at 2, ¶ 6; *see also* Docket No. 6 at 3. Defendant is a telecommunications and internet service provider. Docket No. 1 at 6, ¶ 24. The data breach allegedly exposed Mr. Carey's personal information, which included "government identifier" information and information "affiliated with [his] employee health insurance program." *Id.* at 7, ¶ 31. Both plaintiffs allege that defendant's network security practices were inadequate. *Id.* at 8, ¶ 36; *Madsen*, Docket No. 1 at 8, ¶ 34.

The motion to consolidate asserts that this case and *Madsen* "raise the same common questions of law and arise from the same set of facts." Docket No. 6 at 5. In the present case, plaintiff, individually and on behalf of all others similarly situated, asserts claims for negligence, negligence per se, unjust enrichment, breach of implied contract, and breach of confidence. Docket No. 1 at 17-27, ¶¶ 79-135. Mr. Madsen, on behalf of himself and all others similarly situated, asserts claims for negligence, negligence per se, breach of implied contract, and unjust enrichment. *Madsen*, Docket No. 1 at 25-34, ¶¶ 100-151. Additionally, Mr. Madsen asserts a claim for breach of

fiduciary duty and for declaratory relief pursuant to 28 U.S.C. § 2201 *et seq.* *Id.* at 35-38, ¶¶ 152-172. Defendant does not oppose the motion. *See generally* Docket No. 6.

Both lawsuits involve overlapping legal and factual questions, which weighs in favor of consolidation. *See Doe v. Conceptions Reprod. Assocs., Inc.*, No. 25-cv-00009-NYW-CYC, 2025 WL 1617189, at *1 (D. Colo. May 6, 2025) (granting motion to consolidate where "[b]oth actions stem from the same underlying facts – an April 2024 data breach . . . caused by Defendant's failure to properly secure its patients' private data"); *O'Leary v. Yes Cmtys., LLC*, No. 25-cv-00692-PAB, 2025 WL 1167985, at *1 (D. Colo. Apr. 22, 2025) (granting motion to consolidate where plaintiffs brought claims arising out of the same data breach and plaintiffs alleged the exposure of their personal information). As a result, the Court finds that consolidation would promote judicial economy and that the efficiency benefits of consolidation also outweigh any possible prejudice to the parties. *See Harris*, 687 F.2d at 1368.

**B. Appointment of Co-Lead Counsel**

Plaintiffs moved to appoint Melissa G. Meyer of Levi & Korsinsky LLP and Raina C. Borrelli of Strauss Borrelli PLLC as Interim Co-Lead Class Counsel of the consolidated action. *See* Docket No. 6 at 2. Pursuant to Federal Rule of Civil Procedure 23(g)(3), the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *Doe*, 2025 WL 1617189, at *2 (citation omitted). The Rule 23(g)(1)(A) factors are:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

As to Ms. Borrelli, the Court finds that appointing her as Interim Co-Lead Class Counsel will best serve the interests of the potential class at this stage of the case. She has extensive experience litigating class action and data privacy cases and is further supported by the experience and resources of her firm, which likewise has significant experience with data breach litigation. *See* Docket No. 6 at 12-14; Docket No. 6-2 at 7-9. She has also committed to "advanc[ing] all costs to prosecute this action and see it through to completion." Docket No. 6 at 15.

As to Ms. Meyer, she moved to withdraw as plaintiff Carey's attorney on October 23, 2026, indicating that plaintiff would "continue to be represented by attorney Tyler A. Litke of Levi & Korsinsky, LLP." Docket No. 15 at 1, ¶¶ 2, 3. On October 28, 2026, the magistrate judge granted that motion. Docket No. 17. Accordingly, Ms. Meyer is no longer eligible to serve as Interim Co-Lead Class Counsel. Plaintiffs do not indicate whether they seek to have the Court appoint another attorney as Interim Co-Lead Class Counsel. If so, plaintiffs should file a new motion addressing the suitability of that attorney to serve as Interim Co-Lead Class Counsel along with Ms. Borrelli.

For the foregoing reasons, it is

**ORDERED** that the Unopposed Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel [Docket No. 6] is **GRANTED in part**. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 26-cv-02251-PAB-SBP and 26-cv-02664-SBP shall be consolidated. It is further

**ORDERED** that the part of plaintiffs' Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel requesting the Court to appoint Raina C. Borrelli as Interim Co-Lead Class Counsel is **GRANTED** and that part requesting the appointment of Melissa G. Meyer is **DENIED as moot**. It is further

**ORDERED** that, as of the date of this order, all future pleadings and other filings shall be filed in this case only and shall be captioned as follows:

---

Civil Action No. 26-cv-02251-PAB-SBP

(Consolidated with Civil Action No. 26-cv-02664-SBP)

---

Civil Action No. 26-cv-02251-PAB-SBP

JACE CAREY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CLARITY TELECOM, LLC d/b/a BLUEPEAK,

Defendant.

---

Civil Action No. 26-cv-02664-SBP

TODD W. MADSEN, on behalf of himself and all others similarly situated,

Plaintiff,

v.

CLARITY TELECOM, LLC d/b/a BLUEPEAK,

Defendant.

---

DATED November 2, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge